UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MAURICE MCDOWELL | ) | |
| | ) | |
| v. | ) | 1:06-cv-112\1:02-cr-58 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

The defendant, Maurice McDowell ("McDowell"), has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). McDowell contends he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. The United States opposes the motion (Court File No. 8).

After reviewing the record, the Court concludes that McDowell's § 2255 motion will be **DENIED**. The record conclusively shows that McDowell is not entitled to any relief under 28 U.S.C. § 2255.

**I.      Standard of Review**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence, to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. The movant has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977), *cert. denied*, 436 U.S. 910 (1978); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D.

Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967.

## II. Procedural History

On April 23, 2002, a federal grand jury for the Eastern District of Tennessee at Chattanooga, named McDowell in a single-defendant, four-count indictment charging him with Possession of Cocaine Base with Intent to Distribute, Possession of a Firearm in Relation to Drug Trafficking, and two counts of being a Felon in Possession of Firearms (Crim. Court File No. 2). On February 3, 2005, McDowell entered guilty pleas to Counts One and Three of the Indictment without the benefit of a plea agreement. Specifically, McDowell pleaded guilty to possessing with intent to distribute in excess of five grams of a mixture and substance containing cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One), and being a convicted felon in possession of

a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three) (Crim. Court File No. 33).

McDowell was sentenced to the custody of the Bureau of Prisons for 180 months which consisted of 180 months on each of Counts One and Three, to run concurrently; a supervised release period of eight years—eight years on Count One and five years on Count Three, with both terms to run concurrently; and assessed a $200.00 special assessment. Judgment was entered on May 6, 2005 (Crim. Court File No. 36). McDowell did not pursue a direct appeal, thus, the judgment was considered final on May 20, 2005. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("an unappealed federal criminal judgment becomes final ten days after it is entered"). On May 3, 2006, McDowell timely filed this § 2255 motion and approximately four days later he timely filed a motion to supplement his § 2255 motion which was granted (Court File No. 2).

### III. Facts

The Presentence Investigation Report ("PSR") described the following offense conduct:

> 11. In May of 2000, detectives with the Chattanooga, Tennessee, Police Department's Narcotics Unit obtained a search warrant for the residence of defendant Maurice McDowell (at 4209 Wilkesview Drive) after a cooperating individual purchased crack cocaine from McDowell. Officers executed the warrant on May 24, 2000. When they entered the residence, they found 26.3 grams of cocaine base (crack), 10.3 grams of marijuana, an unloaded Smith and Wesson .38 caliber revolver (serial number D220073) and an unloaded Harrington and Richardson, Inc. 20-gauge Model 58 shotgun (serial number AM242146).
>
> 12. After being advised of his rights, Mr. McDowell admitted to possession of crack cocaine, marijuana and the two firearms confiscated. As a convicted felon, the defendant was prohibited from possessing any type of firearm. Further, law enforcement determined that the Harrington and Richardson shotgun was a stolen firearm.

(Presentence Investigation Report ("PSR") p. 4-5).

### IV. Analysis of Claims

McDowell raises three instances of alleged ineffective assistance of counsel in his § 2255

3

motion and amendment which the Court will address after reviewing the law applicable to ineffective of assistance of counsel claims.

All of Petitioner's claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

4

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Court held the two-part *Strickland* test is applicable in the context of guilty pleas. Therefore, the defendant must show defense counsel's representation fell below an objective standard of reasonableness and there was a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id*. at 370-71.

Petitioner has not met his heavy burden. Not only has he failed to demonstrate counsel's performance was deficient, he has failed to allege or submit any proof that, but for counsel's errors, he would have pleaded not guilty and demanded a trial. Consequently, McDowell has failed to

5

demonstrate any resulting prejudice as a result of counsel's alleged ineffective assistance. Furthermore, as explained below, McDowell has failed to demonstrate counsel was ineffective.

*1. Counsel Failed to Object to McDowell Being Sentenced as a Career Criminal*

McDowell contends counsel failed to argue that enhancing his sentence based on his prior convictions violated his right to indictment, jury determination beyond a reasonable doubt, and the Double Jeopardy Clause of the Fifth Amendment. Specifically, McDowell claims he did not receive notice in the indictment that his prior convictions would be used to enhance his punishment, thus depriving him of advance notice of the government's intent to use his prior convictions prior to entering a guilty plea, and that the use of his prior convictions to enhance his punishment violates the Double Jeopardy Clause of the Fifth Amendment.

Initially, the Court observes that the government filed a notice of Intent to Use Prior Convictions to Enhance Punishment Pursuant to 21 U.S.C. § 851 on November 9, 2004, and McDowell did not enter his guilty plea until February 3, 2005 (Court File Nos. 21 & 33). Thus, McDowell is mistaken in his contention he was deprived of advance notice of the government's intent to use his prior convictions to seek enhancement of his sentence.

McDowell's claim that counsel rendered ineffective assistance of counsel when he failed to argue enhancing his sentence based on his prior convictions violated his right to indictment and jury determination beyond a reasonable doubt is legally flawed. It is well-settled that there is no constitutional violation when the Court relies upon a defendant's prior convictions to calculate his guidelines range, establish the statutory minimum mandatory sentence, or to select a defendant's sentence. *See United States v. Branch,* 537 F.3d 582, 593 (6th Cir.) ("The Supreme Court has repeatedly held that unlike other sentence-enhancing facts, no Sixth Amendment problem arises

6

demonstrate any resulting prejudice as a result of counsel's alleged ineffective assistance. Furthermore, as explained below, McDowell has failed to demonstrate counsel was ineffective.

*1. Counsel Failed to Object to McDowell Being Sentenced as a Career Criminal*

McDowell contends counsel failed to argue that enhancing his sentence based on his prior convictions violated his right to indictment, jury determination beyond a reasonable doubt, and the Double Jeopardy Clause of the Fifth Amendment. Specifically, McDowell claims he did not receive notice in the indictment that his prior convictions would be used to enhance his punishment, thus depriving him of advance notice of the government's intent to use his prior convictions prior to entering a guilty plea, and that the use of his prior convictions to enhance his punishment violates the Double Jeopardy Clause of the Fifth Amendment.

Initially, the Court observes that the government filed a notice of Intent to Use Prior Convictions to Enhance Punishment Pursuant to 21 U.S.C. § 851 on November 9, 2004, and McDowell did not enter his guilty plea until February 3, 2005 (Court File Nos. 21 & 33). Thus, McDowell is mistaken in his contention he was deprived of advance notice of the government's intent to use his prior convictions to seek enhancement of his sentence.

McDowell's claim that counsel rendered ineffective assistance of counsel when he failed to argue enhancing his sentence based on his prior convictions violated his right to indictment and jury determination beyond a reasonable doubt is legally flawed. It is well-settled that there is no constitutional violation when the Court relies upon a defendant's prior convictions to calculate his guidelines range, establish the statutory minimum mandatory sentence, or to select a defendant's sentence. *See United States v. Branch,* 537 F.3d 582, 593 (6th Cir.) ("The Supreme Court has repeatedly held that unlike other sentence-enhancing facts, no Sixth Amendment problem arises

6

when a district court finds the fact of a prior conviction"), *cert. denied*, 129 S.Ct. 752 (2008); *United States v. Hagen*, 11 Fed.Appx. 578 (6th Cir. 2001), *available in* 2001 WL 670042, **1 ("The law is clear, however, that prior convictions do not need to be charged in the indictment or proven beyond a reasonable doubt. *See Apprendi [v. New Jersey*, 530 U.S. 466, 488-490 (2000)] (holding that "*other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt.") (emphasis added); *United States v. Gatewood*, 230 F.3d 186, 191 (6th Cir. 2000) (determining that defendant's prior convictions are mere sentencing factors that do not need to be charged in the indictment and proven beyond a reasonable doubt)). Consequently, counsel cannot be ineffective for failing to argue that enhancing McDowell's sentence based on his prior convictions violated his right to indictment and jury determination beyond a reasonable doubt.

Likewise, McDowell's claim that the Court's reliance on his prior convictions to enhance his punishment amounted to being punished twice for the same criminal conduct in violation of the Double Jeopardy Clause is legally flawed. "The Fifth Amendment prohibition against double jeopardy protects against three harms: second prosecution for an offense after initial acquittal, second prosecution for an offense after an initial conviction, and multiple punishments for the same offense." *United States v. Davis*, 306 F.3d 398, 417 (6th Cir. 2002). None of the mentioned three harms is present in McDowell's case. Consequently, McDowell's double jeopardy claim lacks merit.

Moreover, the Supreme Court has upheld enhanced penalties for recidivists, *see Monge v. California,* 524 U.S. 721 (1998) and *Gryger v. Burke,* 334 U.S. 728, 732 (1948), and the Sixth Circuit has applied the Supreme Court ruling and upheld enhanced sentences based on sentencing

7

guidelines enhancements. *See, e.g., United States v. Mack,* 938 F.2d 678, 681 (6th Cir. 1991) (no double jeopardy violation for sentencing guidelines enhancement of sentence for other criminal activities); *United States v. Gonzalez*, 257 Fed.Appx. 932 (6th Cir. 2007), *available in* 2007 WL 4438131, *13. "Although the Constitution prohibits multiple criminal punishments for the same offense, double jeopardy principles generally have no application in the sentencing context 'because the determinations at issue do not place a defendant in jeopardy for an 'offense.'" *United States v. Wheeler*, 330 F.3d 407, 413 (6th Cir. 2003) (quoting *Monge v. California*, 524 U.S. 721, 728 (1998). Sentencing enhancements, which are increased penalties for the latest crime, and not "'a new jeopardy or additional penalty for the earlier crimes[,]'" *Id.* (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948), do not implicate any double jeopardy concerns.

In sum, the sentencing enhancement based on McDowell's status as a career offender constituted an increase in penalty for the drug and gun crimes to which he pleaded guilty, not a new jeopardy or additional penalty for the drug crimes for which he was convicted in state court. Double jeopardy concerns simply are not implicated here. Thus, no constitutional violation occurred.

Accordingly, since McDowell has not been prejudiced by counsel's failure to challenge the enhancement of his sentence with prior convictions, he has failed to demonstrate counsel was deficient for failing to raise any of the above claims and therefore, is not entitled to any relief on this claim of ineffective assistance of counsel.

    2.  *Counsel Failed to Request a Downward Departure*

McDowell contends counsel was ineffective for failing to request a downward departure

8

from the mandatory minimum sentence on the grounds of McDowell's alleged post-offense rehabilitation and his willingness to cooperate with the government even though he lacked any information or knowledge that was helpful to the government.

The record contradicts McDowell's contention that counsel failed to request a downward departure based on his post-arrest rehabilitation (Crim. Court File No. 34). The criminal court docket reflects trial counsel filed a sentencing memorandum wherein he requested the Court to sentence McDowell outside the career provision since he had maintained stable employment since 1987 and worked for the same company for the nine years prior to his arrest on the instant federal indictment. In addition, counsel explained that McDowell was arrested in May 2000, and even though the charges were not pursued by the state and he was not arrested on them, through no fault of his own, until 2004, he began rehabilitation after being released from the 2000 arrest. After his 2000 arrest, counsel stated McDowell ceased his involvement in the illegal drug business, stayed with his wife, and supported his wife and five children emotionally and financially. Thus, counsel notified the Court that McDowell had worked hard to become a productive and law-abiding citizen after he was arrested in 2000. Consequently, the record contradicts McDowell's contention that counsel failed to request a downward departure based on his post-arrest rehabilitation. Accordingly, McDowell has not demonstrated counsel rendered ineffective assistance based on his post-arrest rehabilitation.

Turning to McDowell's claim that although he lacked any information to provide assistance to the government, counsel was ineffective for failing to seek a downward departure on his behalf based on his willingness to cooperate with the government, the Court concludes this claim does not warrant § 2255 relief for the reasons explained below.

9

The government may request a downward departure in sentencing for offenders who provide "substantial assistance" in investigating or prosecuting other criminals. United States Sentencing Guidelines § 5.K1.1. A downward departure for substantial assistance may only be granted on a motion from the government. *Wade v. United States*, 504 U.S. 181, 185 (1991). Consequently, defense counsel was not permitted to file such a motion on McDowell's behalf.

The government's refusal to file a motion requesting a court to depart from the guidelines may only be reviewed by a court to determine whether the government's decision was based on unconstitutional motives. *United States v. Hawkins*, 274 F.3d 420, 427 (6th Cir. 2001). The government's refusal to file such a motion may not be reviewed by a court for bad faith. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000). Nevertheless, McDowell does not assert the government's failure to file a § 5K1.1 motion was based on unconstitutional motive; rather, he admits he lacked any information which would have provided assistance to the government. Thus, since McDowell was unable to provide substantial assistance based on his lack of knowledge, counsel was not ineffective for failing to request a downward departure based on substantial assistance. Accordingly, since counsel was not deficient and McDowell did not suffer any prejudice, no relief on this claim is warranted.

     3.  *Counsel Failed to Challenge the State's Warrant Application for Lack of Probable Cause*

McDowell claims counsel's failure to challenge the warrant application based on the fact that there was no probable cause to search his residence amounted to ineffective assistance of counsel. McDowell contends, without providing any factual support, that the information presented to the state magistrate lacked reliability and the affiant attested to insufficient facts.

Not only has McDowell failed to state a sufficient claim, once again, he is mistaken.

10

Counsel filed a motion requesting a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), challenging the sufficiency of the affidavit supporting the search warrant. Specifically, counsel claimed the information which served as the basis for the search warrant was untrue, and therefore no probable cause existed to support the warrant (Crim. Court File No. 26). The magistrate judge determined the affidavit on its face established probable cause to believe that evidence of drug trafficking would be found in McDowell's residence, and this Court adopted the report and recommendation and denied the motion (Crim. Court File Nos. 29, 32).

The record reflects counsel considered the veracity of the affidavit supporting the search warrant and whether it supported the Fourth Amendment and pursued a motion to attempt to have the search deemed unconstitutional. Consequently, counsel did challenge the warrant application. Additionally, McDowell has not demonstrated counsel's strategy was deficient or that, but for some error by counsel, the search would have been deemed unconstitutional and the evidence would have been suppressed. Therefore, McDowell is not entitled to an evidentiary hearing or any relief on this claim of ineffective assistance of counsel.

**V.    Conclusion**

Accordingly, McDowell has failed to establish a plausible claim that would warrant an evidentiary hearing. *See United States v. Tarricone*, 996 F.2d 1414, 1417-18 (2nd Cir. 1993) (noting that to prevail on a motion for hearing, petitioner must establish he has a plausible claim). For the reasons explained above, McDowell's conviction and sentencing are not in violation of the Constitution or laws of the United States. Accordingly, McDowell's claims do not entitle him to § 2255 relief and his § 2255 motion and supplement will be **DENIED WITH PREJUDICE** (Court File Nos. 1 & 2).

A separate judgment order will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**